[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12408

Non-Argument Calendar

_____

QUEEN'PRINYAH GODIAH NMIAA PA EL-BEY,

Plaintiff-Appellant,

*versus*

SOCIAL 2700 STUDENT SPACES,
TRINITY PROPERTY MANAGEMENT,
ERIKA GROVIER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

2                    Opinion of the Court                    22-12408

D.C. Docket No. 4:21-cv-00451-WS-MJF

———————————

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Queen ʻPrinyah Godia Nmiaa Payne's El-Bey, proceeding *pro se*,[1] appeals the district court's *sua sponte* dismissal without prejudice[2] of Plaintiff's *pro se* complaint. No reversible error has been shown; we affirm.

Plaintiff filed this civil action in the district court in November 2021. Construed liberally, Plaintiff's complaint purports to assert claims for disability discrimination against an apartment complex, a property management company, and a former roommate.[3] Plaintiff's complaint stems from alleged injuries Plaintiff sustained in August 2021.

———————————

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] Generally speaking, an involuntary dismissal without prejudice constitutes a final order for purposes of appeal. *See Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993).

[3] On the pre-printed civil complaint form, Plaintiff listed -- without elaboration -- three statutes as being at issue in her case: the Americans with Disabilities Act ("ADA"), the Fair Housing Act, and Fla. Stat. § 112.042 (a statute prohibiting discrimination in county and municipal employment).

A magistrate judge issued an order instructing Plaintiff either to pay the court filing fee or to move for leave to proceed *in forma pauperis* ("IFP"). The magistrate judge also advised Plaintiff that she was required to notify the district court within seven days of any change in address and that failure to do so could result in dismissal of her action.

On 27 January 2022 -- after granting Plaintiff leave to proceed IFP -- the magistrate judge conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge determined that Plaintiff's complaint was deficient for several reasons, including for failure to comply with the pleading rules set forth in Fed. R. Civ. P. 8(a)(2) and 10(b) and the district court's local rules. The magistrate judge ordered Plaintiff to file an amended complaint correcting the deficiencies (or to file a notice of voluntary dismissal) on or before 28 February 2022. The magistrate judge cautioned Plaintiff that failure to comply with the court's order "likely will result in dismissal of this action for failure to comply with an order of this court, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to prosecute." The magistrate judge also advised Plaintiff again of her responsibility to notify the district court within seven days of a change in address. Plaintiff filed no response to the 27 January order.

On 9 March 2022, the magistrate judge ordered Plaintiff to show cause -- on or before 30 March -- why she failed to comply with the court's 27 January order. The magistrate judge warned

that failure to comply with the order would likely result in dismissal of the action.  Once again, Plaintiff filed no response.

On 5 April 2022, the magistrate judge issued a report and recommendation ("R&R").  The magistrate judge recommended that the district court dismiss Plaintiff's action without prejudice for failure to comply with court orders and for failure to prosecute. Plaintiff filed no objections to the R&R.  In June 2022, the district court adopted the R&R and dismissed the case without prejudice.

Plaintiff then filed a notice of appeal.  In her notice, Plaintiff said she had not received the pertinent court orders.  Plaintiff said she moved on 1 March 2022 and only received mail from the district court after filing a change-of-address notice.

We review a district court's dismissal for failure to comply with court rules or for failure to prosecute under an abuse-of-discretion standard.  *See Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  Although we construe liberally *pro se* pleadings, *pro se* litigants must still conform to procedural rules.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

"The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits."  *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (quotation omitted).  The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution.  *See Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Generally speaking, a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his civil action. *See Dynes*, 720 F.2d at 1499 (concluding that -- because the case was dismissed without prejudice -- the district court abused no discretion by dismissing for failure to file a court-ordered brief). Unlike a dismissal *with* prejudice, dismissal *without* prejudice requires no showing of willful noncompliance with court orders or a determination that a lesser sanction would not suffice. *Compare Betty K Agencies, Ltd.*, 432 F.3d at 1337-38 (describing a dismissal with prejudice as "an extreme sanction" requiring precise findings by the district court of a clear pattern of delay or willfulness), *with Dynes*, 720 F.2d at 1499 (concluding that a dismissal without prejudice constituted no abuse of discretion even in response to a single violation).

The district court abused no discretion in dismissing Plaintiff's case without prejudice. At the time of dismissal, Plaintiff had failed to comply with both the 27 January order to file an amended complaint and the 9 March show-cause order. Both orders warned Plaintiff expressly that failure to comply would likely result in dismissal of her action. Nor did Plaintiff object to the magistrate judge's recommendation that her case be dismissed for failure to comply with court orders and for failure to prosecute. Given Plaintiff's silence in response to the district court's orders, the district court acted within its authority to dismiss *sua sponte* Plaintiff's action for failure to comply with court orders and for failure to prosecute.

6                    Opinion of the Court                    22-12408

On appeal, Plaintiff argues chiefly that she never received the district court's orders.  Plaintiff contends that the district court erred by mailing the orders to her old address.  We disagree.

Plaintiff filed two notices of a change of address with the district court: (1) a notice dated 24 January 2022 notifying the district court of Plaintiff's move from New York to Florida on 13 December 2021; and (2) a notice dated 25 April 2022 notifying the district court of Plaintiff's move from Florida to Texas (a move Plaintiff says occurred on 1 March 2022).[4]  The record demonstrates that each of the district court's orders was mailed to Plaintiff at the current address then on record as provided by Plaintiff.

The record also seems to indicate, however, that two envelopes sent by the district court to Plaintiff at her Florida address -- envelopes with post-mark dates corresponding to the district court's 27 January and 9 March orders -- were not delivered.  Each of the envelopes was stamped by the post office on 25 October 2022 (well after the dismissal order) as "Return to Sender, No Such Number, Unable to Forward."  The returned envelopes were entered on the district court's docket on 1 November 2022.

Even to the extent that Plaintiff never received the district court's 27 January and 9 March orders, Plaintiff has shown no abuse of discretion.  Nothing evidences that the district court knew -- at

---

[4] We note that both change-of-address notices were filed well outside of the 7-day period established by the district court.

the time of dismissal in June 2022 -- that Plaintiff had not received the district court's orders or that the Florida address provided by Plaintiff was invalid. That the post office was apparently unable to deliver mail to the address provided by Plaintiff does not render the district court's dismissal an abuse of discretion. Plaintiff had the ongoing duty to provide the district court with a current and proper address.

Based on the record that was before the district court at the pertinent time, we cannot conclude that the district court abused its discretion in dismissing Plaintiff's complaint *without prejudice*.[5]

AFFIRMED.

---

[5] Plaintiff does not contend -- nor can we conclude -- that Plaintiff would now be barred from refiling her claims by the applicable statutes of limitations. *Cf. Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) ("Where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is 'tantamount to a dismissal with prejudice . . ..'"). When the district court dismissed Plaintiff's complaint in June 2022, nothing suggested that Plaintiff's claims (arising from an August 2021 incident) were already time-barred. *See* 42 U.S.C. § 3613(a)(1)(A) (establishing a two-year limitations period for claims under the Fair Housing Act); Fla. Stat. Ann. § 95.11(3)(f) (providing a four-year statute of limitations for actions founded on statutory liability); *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 841 (11th Cir. 2017) (applying a four-year statute of limitations to ADA claims in Florida).