[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13847

Non-Argument Calendar

————————————————

ELBERT WALKER, JR.,

Plaintiff-Appellant,

*versus*

DISMAS CHARITIES, INC.,
CAROL OATES,
KIMBERLY JOHNSON,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia

D.C. Docket No. 5:21-cv-00460-MTT

_____

Before JILL PRYOR, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Elbert Walker, Jr., proceeding *pro se*, appeals the district court's orders denying his motion for a default judgment. He also argues that the district court judge should have *sua sponte* recused himself due to a conflict of interest. After careful review, we affirm.

**I.**

Walker's claims in this lawsuit arise out of incidents that occurred while he was on home confinement as part of a federal criminal sentence. After Walker was convicted in federal court of conspiracy to commit arson and other crimes, he received a sentence that consisted of 121 months' imprisonment and a three-year term of supervised release. In June 2020, Walker was released from prison and permitted to serve the remainder of his custodial sentence in home confinement. His home confinement was overseen by Dismas Charities, Inc., a corporation that contracted with the Federal Bureau of Prisons ("BOP").

While on home confinement, Walker had to obtain permission from Dismas to leave his home. In March 2021, he requested permission from Dismas to leave his home to work for a construction company. Initially, Dismas employee Kimberly Johnson approved Walker's request. But shortly after giving approval, Johnson told Walker that he could not work for the construction

company. Six months later, Johnson apparently changed her mind and approved Walker to work at the construction company. But a month later she again told Walker that he could not. According to Walker, there was no valid reason for Johnson's decisions that he could not work at the construction company.

In October 2021, while on home confinement, Walker sought permission from Dismas to attend religious services at a mosque. Dismas employee Carol Oates denied the request, telling Walker that it was not allowed under BOP policy.

Walker filed a complaint in federal district court against Dismas, Johnson, and Oates. Walker claimed that Johnson's decisions denying him permission to work for the construction company violated his due process rights under the Fifth Amendment because he did not receive a hearing. And he claimed that Oates's decision denying him permission to attend religious services at the mosque violated his First Amendment right to free exercise of religion. Walker also alleged that these decisions constituted cruel and unusual punishment in violation of the Eighth Amendment. Walker demanded money damages for the mental and physical suffering that he experienced, as well as punitive damages. He did not request any injunctive or declaratory relief.

After Walker filed his complaint, he served the three defendants. The defendants failed to file a responsive pleading or otherwise defend the lawsuit, and the clerk entered a default.

Walker then filed a motion for a default judgment. He argued that the allegations in the complaint established that the

defendants had violated his constitutional rights. He requested that the district court award him $463,500 in damages.

The district court denied Walker's motion for a default judgment. It explained that after the clerk's entry of default, the defendants were deemed to have admitted all the well-pleaded factual allegations in Walker's complaint. But, the court cautioned, Walker was not automatically entitled to a default judgment; the court had to consider whether the unchallenged facts in his complaint established a legitimate cause of action.

The court concluded that the allegations in Walker's complaint failed to state a claim for relief. It liberally construed Walker's complaint as asserting claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), for violations of his constitutional rights. But the court explained that the Supreme Court had recognized that a *Bivens* remedy was available for a constitutional violation by a federal official in three specific contexts: "under the Fourth Amendment for an unreasonable seizure arising from a warrantless arrest of a man in his home," "under the Fifth Amendment for gender discrimination arising from the termination of a congressional aide," and "under the Eighth Amendment arising from the failure to provide medical care to a prisoner." Doc. 8 at 5.[1]

The district court concluded that no *Bivens* remedy was available for the constitutional violations that Walker alleged.

---

[1] "Doc." numbers refer to the district court's docket entries.

22-13847                Opinion of the Court                5

Regarding Dismas, the district court explained that the Supreme Court had held that there was no remedy under *Bivens* against a private business that operated "under contract with the Bureau of Prisons." *Id.* at 6 (citing *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001)). And as to the claims against Johnson and Oates, the district court concluded that Walker's constitutional claims arose in a new context—that is, a context different from one in which the Supreme Court had previously recognized a *Bivens* remedy—and that special factors counseled hesitation against implying a *Bivens* remedy for a federal prisoner serving the remainder of his prison sentence on home confinement. The district court thus denied Walker's motion for a default judgment.[2] Because Walker's complaint failed to state a claim for relief, the district court gave him an opportunity to file an amended complaint to address the deficiencies that the court had identified.

---

[2] The district court liberally construed Walker's complaint as raising three other claims: (1) "a claim for employment discrimination based on religion," (2) a negligent infliction of emotional distress claim arising under Georgia law, and (3) an intentional infliction of emotional distress claim arising under Georgia law. Doc. 8 at 8. With respect to these three claims, the district court concluded that Walker's complaint failed to state a claim for relief and thus denied his motion for default judgment as to these claims as well. Because Walker's appellate brief, even liberally construed, does not raise any argument related to these non-constitutional claims, we discuss them no further. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned[.]" (citation omitted)).

When Walker failed to file an amended complaint by the court's deadline, it ordered him to show cause why the case should not be dismissed. In response, Walker stated he would not amend because the allegations in his complaint were sufficient to state a claim for relief and established that he was entitled to a default judgment. After finding that Walker failed to comply with multiple orders, the district court dismissed his complaint without prejudice.

This is Walker's appeal.

## II.

We review for abuse of discretion a district court's denial of a motion for a default judgment. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (internal quotation marks omitted).

Generally, we review for abuse of discretion a district court judge's refusal to recuse. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). But when a party fails to argue for a judge's recusal before the district court, we review the failure of a district court judge to *sua sponte* recuse for plain error. *Hamm v. Members of the Bd. of Regents of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Thus, we will only correct an error that the plaintiff failed to raise in the district court

if: (1) an error occurred; (2) the error was plain; and (3) the error affected substantial rights. *See United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (applying the plain error standard to review a district court judge's failure to recuse).

### III.

On appeal, Walker argues that the district court erred when it denied his motion for a default judgment because the allegations in his complaint were sufficient to state a claim that the defendants violated his constitutional rights. He also argues for the first time on appeal that the district court judge should have recused himself. We address each issue in turn.

### A.

When a defendant has failed to plead or defend, a district court may grant a motion for a default judgment. Fed. R. Civ. P. 55(b)(2). Because of our "strong policy of determining cases on their merits," default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Although "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration adopted) (internal quotation marks omitted). A default judgment is warranted only "when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks omitted); *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353,

1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). "[A] motion for default judgment is like a reverse motion to dismiss for failure to state a claim," requiring a court to assess the legal sufficiency of the claims. *Surtain*, 789 F.3d at 1245. We thus ask whether the complaint "contain[ed] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The issue before us is here is whether the allegations in Walker's complaint were sufficient to state a claim against the defendants for violations of his constitutional rights. At the outset, we note that although the complaint stated that the constitutional claims were brought under 42 U.S.C. § 1983, this statute is inapplicable. Section 1983 provides a cause of action for a claim brought against a "person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). But there is no allegation that Dismas, Johnson, or Oates were acting under color of state law. Instead, the allegations in the complaint reflect the claims against the defendants arise out of actions they took while acting pursuant to a contract with the *federal government*. Because Walker is a *pro se* litigant, we liberally construe his complaint as bringing claims against the defendants for money damages under *Bivens* and thus ask whether he stated a claim for relief under *Bivens*.

In *Bivens*, the Supreme Court recognized an implied cause of action for money damages against the federal officers who allegedly violated an individual's Fourth Amendment when arresting

him inside his home. *See Bivens*, 403 U.S. at 389. After *Bivens*, the Supreme Court recognized implied causes of action under the Constitution for money damages in two additional contexts: (1) under the Fifth Amendment for gender discrimination arising from the termination of a congressional aide, *Davis v. Passman*, 442 U.S. 228, 230 (1979), and (2) under the Eighth Amendment for failure to provide medical care to a prisoner, *Carlson v. Green*, 446 U.S. 14, 19–20 (1980).

"Since these cases, the [Supreme] Court has not implied additional causes of action under the Constitution." *Egbert v. Boule*, 596 U.S. 482, 491 (2022). Instead, the Court has described "expanding the *Bivens* remedy" as "a disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (internal quotation marks omitted). Recently, the Court clarified that the inquiry into whether a *Bivens* remedy is available "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Boule*, 596 U.S. at 492. And when a case "involves a new category of defendants, . . . a court is not undoubtedly better positioned than Congress to create a damages action." *Id.* (internal quotation marks omitted).

The Supreme Court's decision in *Malesko* is particularly instructive here. In that case, a federal inmate was injured while living at a halfway house where he was serving part of his federal criminal sentence. *See* 534 U.S. at 64. A private corporation, acting under a contract with the Bureau of Prisons, operated the halfway

house. *Id.* at 63–64. The inmate later sued the contractor for damages. *Id.* at 64–65.

The Supreme Court considered whether the inmate had an implied cause of action against the contractor. *Id.* at 63. The Court explained that "[t]he purpose of *Bivens* is to deter individual officers from committing constitutional violations" through "the threat of litigation and liability." *Id.* at 70. The Court stated that the "threat of suit against an individual's employer was not the kind of deterrence contemplated by *Bivens*." *Id.* The Court reasoned that "if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury." *Id.* at 71. The Court refused to "infer[] a constitutional tort remedy against a private entity" such as the contractor. *Id.* It also noted that the inmate had an adequate alternative remedy he could pursue by filing a grievance through the BOP's administrative procedures. *Id.* at 74.

Based on the Supreme Court's decision in *Malesko*, we conclude that Walker failed to state a claim against Dismas. Just like the inmate in *Malesko* had no implied damages remedy under the Constitution against a contractor that operated a halfway house for individuals serving federal criminal sentences, we conclude that Walker has no implied damages remedy under the Constitution against Dismas, a private contractor supervising federal prisoners serving their federal criminal sentences on home detention. *See id.* at 70–71; *see also Walden v. Ctrs. for Disease Control & Prevention*, 669 F.3d 1277, 1291 (11th Cir. 2012) (holding that *Malesko*

"foreclosed inferring a constitutional tort remedy against a private entity" (internal quotation marks omitted)), *abrogated on other grounds by EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015).

We also conclude that Walker failed to state a claim against Johnson or Oates. In effect, Walker's complaint seeks to extend the implied remedy against federal officials first recognized in *Bivens* to a new class of defendants: individual employees of government contractors. On top of that, he asks us to recognize an implied cause of action under the Constitution to claims brought by a person in home confinement as part of a federal criminal sentence alleging violations of his right to free exercise of religion under the First Amendment, his right to procedural due process under the Fifth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment. Because "a court is not undoubtedly better positioned than Congress to create" such a damages remedy, we conclude that Walker does not have an implied cause of action under the Constitution for his constitutional claims against Johnson or Oates. *Boule*, 596 U.S. at 492.

Because Walker's complaint failed to state a claim for relief, we cannot say that the district court erred when it denied his motion for a default judgment.[3]

---

[3] In his appellate brief, Walker states in passing that the district court also erred in dismissing his complaint. Even assuming that Walker adequately raised a challenge to the district court's dismissal of his complaint for failure to comply with court orders, we cannot say that the district court abused its discretion.

**B.**

We now consider Walker's argument that the district court judge should have recused himself. A judge is to recuse "himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for recusal under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In general, "bias sufficient to disqualify a judge must stem from extrajudicial sources" unless a "judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (internal quotation marks omitted). The Supreme Court has recognized that

---

We treat the district court's dismissal in this case as a dismissal without prejudice. It's true that when the statute of limitation bars a plaintiff from refiling, we will review a dismissal without prejudice as though it was a dismissal with prejudice. *See Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018). But we treat the dismissal here as being without prejudice because the district court dismissed the action well before the limitations period for any of Walker's claims had expired. And "because the case was dismissed without prejudice, we cannot say that the district court abused its discretion" when it dismissed the action for failure to comply with court orders. *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983). In addition, we also may affirm on the alternative ground that the complaint failed to state a claim for relief. *See James River Ins. Co. v. Ultratec Special Effects, Inc.*, 22 F.4th 1246, 1256 (11th Cir. 2022) (explaining that we can affirm a district court's "ruling on any ground that is supported by the record").

"judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Because Walker raises the recusal issue for the first time on appeal, we review the district court's failure to recuse himself *sua sponte* for plain error only. *See Hamm*, 708 F.2d at 651. Walker says that the district court should have recused himself because his rulings in this case show that he was biased against Walker. But we cannot say that the district court's judicial rulings demonstrated any bias. Thus, the district court did not plainly err in failing to *sua sponte* recuse himself. *See Thomas*, 293 F.3d at 1329.

## IV.

For the reasons set forth above, we affirm.

**AFFIRMED.**