[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17484
_____

D.C. Docket No. 1:14-cv-01189-SCJ

ANDREA MICKLES,
on behalf of herself and all others similarly situated,

Plaintiff-Counter Defendant,

LAUREN HOUSTON,

Plaintiff-Counter Defendant-
Appellant,

SHANA MCALLISTER,
APRIL LEMON,

Plaintiffs-Appellants,

JOY RICHARDSON,

Plaintiff,

versus

COUNTRY CLUB INC.,
d.b.a. Goldrush Showbar,

Defendant-Counter Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 18, 2018)

Before WILSON and BLACK, Circuit Judges, and SCHLESINGER,[*] District Judge.

BLACK, Circuit Judge:

This case presents an issue of first impression regarding the status of opt-in plaintiffs in collective actions under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b)—specifically, whether an opt-in plaintiff is required to do anything beyond filing a written consent to become a party plaintiff. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) (observing that a "plaintiff must affirmatively opt into a § 216(b) action by filing [her] written consent with the court in order to be considered a class member and be bound by the outcome of the action"). We conclude that filing a written consent pursuant to § 216(b) is sufficient to confer party-plaintiff status.

---

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

2

## I. BACKGROUND

In April 2014, Andrea Mickles[1] filed a complaint against Country Club Inc., alleging she was proceeding on behalf of herself and all other similarly-situated employees in a collective action lawsuit under the FLSA, 29 U.S.C. § 216(b). Mickles alleged Country Club had improperly classified her and other employees as independent contractors and, as a result, failed to compensate them at the minimum wage and for overtime work. Country Club answered the complaint and filed counterclaims against Mickles—and any plaintiff who joined the action—for money had and received, unjust enrichment, and breach of contract.

Other employees then opted into the litigation by filing consents to become party plaintiffs. On June 11, 2014, Lauren Houston filed a "Consent to Become a Party Plaintiff" with the court, stating she consented to sue as a plaintiff in the FLSA action. On August 26, 2014, Shana McAllister and April Lemon filed their "Consent[s] to Become . . . Party Plaintiff[s]," also consenting to sue as plaintiffs in the FLSA action.[2]

---

[1] The record variously refers to the named plaintiff as either Andrea "Mickle" or "Mickles." Although the district court's case style states her name as "Mickle," the plaintiff personally signs her name as "Mickles," and that is the name used in this opinion.

[2] On September 5, 2014, Joy Richardson filed a consent to become a party plaintiff. The district court later dismissed Richardson as a plaintiff from the action without prejudice, as a sanction for failing to appear for her deposition. Richardson is not a party to this appeal.

3

Discovery began on August 22, 2014.  Mickles and Country Club agreed that, per Northern District of Georgia Local Rule 7.1(A)(2), except as specifically provided, all "motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later."  The district court adopted this deadline in its Scheduling Order.  All motions (absent a few exceptions) were required to be filed by September 22, 2014.[3]

Country Club took the depositions of Houston, McAllister, and Lemon during the discovery period.  The district court twice extended the discovery period, which ultimately ended on April 6, 2015.  On May 14, 2015, more than a month after the close of discovery, Mickles filed a motion for conditional certification of a collective action.  She moved to certify the collective action under 29 U.S.C. § 216(b), citing the procedure outlined by this Court in *Hipp*.  252 F.3d at 1218.

On January 6, 2016, the district court denied the motion for conditional certification (conditional certification order) based on untimeliness, as the motion was filed "nearly eight months" past the deadline set by the local rules, and Mickles did not have "prior permission of the court" to file the motion after the deadline.  The district court noted that the burden on a plaintiff seeking conditional

---

[3] Thirty days from the beginning of discovery was September 21, 2014.  Since September 21 was a Sunday, the parties had until Monday, September 22, 2014, to file motions.

certification is minimal, and Mickles was "well aware that there were other plaintiffs who were similarly situated and wished to opt-in before the deadline for filing the motion for conditional certification." The district court also rejected Mickles' argument that granting the motion for conditional certification would serve the interests of judicial economy, "as it would allow other potential plaintiffs to join this action, rather than forcing the plaintiffs to file separate actions." The court stated "[i]t is, indeed, unfortunate that needless costs may result as a consequence of Plaintiff's failure to file her Motion in a timely manner," but noted costs would also result if discovery were reopened. The district court decided "the best course of action is to enforce the deadline, and thus to deny Plaintiff's motion as untimely." The court concluded, "[f]or the foregoing reasons, Plaintiff's Motion for Conditional Collective Action Certification . . . is DENIED." The conditional certification order made no mention of dismissing Houston, McAllister, and Lemon from the litigation.

On October 6, 2016, Country Club filed a motion for clarification of the district court's conditional certification order, inquiring about which individual plaintiffs remained parties in the action. Mickles, Houston, McAllister, and Lemon each believed they were party plaintiffs in the action because the district court never dismissed their claims. Country Club believed Houston, McAllister, and Lemon never formally became party plaintiffs, and that they effectively fell out of

5

the case when the motion for conditional certification was denied, leaving only Mickles as a party plaintiff.  Mickles, Houston, McAllister, and Lemon responded, agreeing that clarification was necessary, but they disagreed that the denial of the motion for conditional certification caused Houston, McAllister, and Lemon to be automatically dismissed from the case.  On October 17, 2016, the district court granted the motion for clarification (clarification order), stating that Houston, McAllister, and Lemon were never adjudicated to be similarly situated to Mickles, and, therefore, were never properly added as party plaintiffs to the collective action.

On October 31, 2016, Country Club notified the district court that it had reached a settlement with Mickles.  Mickles and Country Club filed a motion to approve the settlement, which resolved both the substantive claims and the counterclaims. On December 5, 2016, the district court approved the settlement. Houston, McAllister, and Lemon filed a notice of appeal, specifying that they were appealing the district court's (1) conditional certification order, (2) clarification order, and (3) order approving the settlement.

## II.  DISCUSSION

### A.  *Jurisdiction*

As an initial matter, we must determine whether Houston, McAllister, and Lemon (collectively, Appellants) have appellate standing.  We issued a

jurisdictional question to the parties, asking them to address: (1) whether Appellants were considered parties such that they had a right to appeal; and (2) if so, whether their appeal was timely as to the orders that foreclosed their rights to participate in the litigation. We hold we have jurisdiction to entertain Appellants' appeal, as they (1) are parties to the litigation, and (2) timely appealed the final judgment in the case.[4]

*1. Whether Appellants were parties to the litigation*

The standing question is intertwined with the primary merits issue in this case, specifically: whether the district court erred in determining Appellants "never became parties" to the litigation. Because we must determine whether Appellants were ever parties to this FLSA collective action, a review of the typical process in an FLSA collective action is necessary.

We first turn to the FLSA provision providing the opt-in mechanism for collective actions, 29 U.S.C. § 216(b). Unlike in a Rule 23 class action, where "each person who falls within the class definition is considered to be a class member" and bound by the judgment unless she has opted out, a plaintiff "must

---

[4] "[W]e review jurisdictional issues *de novo*." *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). Litigants are required to "establish their standing not only to bring claims, but also to appeal judgments." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003). "Though similar and overlapping, the doctrines of appellate standing and trial standing are not identical." *Id.* Appellate standing is limited by the adverseness requirement particular to the appellate setting, as "[o]nly a litigant who is aggrieved by the judgment or order may appeal." *Id.* (quotations omitted). "Generally, one not a party lacks standing to appeal an order in that action." *Id.* (quotations omitted).

affirmatively opt into a § 216(b) action by filing [her] written consent with the court in order to be considered a class member and be bound by the outcome of the action." *Hipp*, 252 F.3d at 1216. Section 216(b) states an employee may maintain an action against any employer on behalf of herself "and other employees similarly situated." 29 U.S.C. § 216(b). Regarding opting into such litigation, the statute provides that "[n]o employee shall be a party plaintiff to any such action unless [s]he gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Looking to the FLSA collective action statute, we discern two requirements. The first is a requirement of the named plaintiff—she must file on behalf of herself and "other 'similarly situated' employees." *Hipp*, 252 F.3d at 1217. The second is a requirement of the opt-in employee—she must give her "consent in writing to become such a party and such consent [must be] filed in the court in which such action is brought." 29 U.S.C. § 216(b).

In this case, there is no dispute Appellants satisfied the second requirement. Appellants each consented in writing to become opt-in plaintiffs and filed their consents in the appropriate court. However, Country Club argues the first requirement was not satisfied. Although Mickles filed her complaint on behalf of herself and others similarly situated, Appellants were never found to be similarly

situated to Mickles.  Thus, according to Country Club, the Appellants never became party plaintiffs.

Our Court has suggested a two-tiered approach in making a similarly-situated determination in opt-in collective actions.  *Hipp*, 252 F.3d at 1217-19.[5]  At the first "notice stage," the district court decides whether notice of the action should be given to potential class members who could be similarly situated.  *Id.* at 1218.  This stage, which is usually based only on the pleadings and any affidavits submitted, typically results in "conditional certification" of a representative class.  *Id.*  "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'"  *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)).  The action proceeds through discovery as a representative action.  *Id.*

The second stage is precipitated by a motion for decertification from the defendant, which is typically filed after discovery is complete and the matter is ready for trial.  *Id.*  At this stage, the court has more information and makes a factual determination of the similarly-situated question.  *Id.*  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial."  *Id.* (quotations omitted).  If they are not similarly situated, "the district court

---

[5] "Although *Hipp* involved a collective action brought under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, that statute incorporates the FLSA's collective action mechanism, *see* 29 U.S.C. § 626(b).  Therefore, *Hipp* . . . applies in both contexts."  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 n.37 (11th Cir. 2008) (quotations omitted).

9

decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.* (quotations omitted). The class representatives (the original plaintiffs) then proceed to trial on their individual claims. *Id.*

In *Hipp*, we noted that nothing in our circuit precedent *requires* district courts to use this approach. *Id.* at 1219. Instead, "we suggest[ed] an approach district courts can use to better manage [§ 216(b)] cases." *Id.* at 1214. We described the two-tiered approach as an "effective tool for district courts to use in managing these often complex cases." *Id.* at 1219.

In this case, the district court did not conduct a *Hipp* analysis because it determined the conditional certification motion was untimely under the local rules.[6] Thus, the district court never made a similarly-situated determination at either the more lenient first stage or the more demanding second stage. *See id.* The question, then, is the status of those who filed consents or "opt-in" forms before conditional certification was granted. This is a question of first impression in every Circuit.[7]

---

[6] This case illustrates why it is better for parties and the district court to follow the *Hipp* process. Of course, the district court's failure to follow the *Hipp* process was precipitated by Mickles' late filing of the motion for conditional certification. As stated above, this motion is typically filed based only on the pleadings and affidavits, and full discovery is unnecessary. Here, Mickles unnecessarily waited until the close of discovery to file for conditional certification.

[7] The Third Circuit stated that the question of what "party status" means in an FLSA collective action, "particularly before a district court has considered whether those who have filed consent forms are in fact 'similarly situated' to the named plaintiff for purposes of

10

Observations about the purpose of conditional certification in other contexts support the conclusion that conditional certification is unnecessary to obtain party-plaintiff status. In holding an FLSA collective action was moot when the lead plaintiff settled her claim and no other plaintiffs had opted in, the Supreme Court explained the purpose of conditional certification. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523, 1530 (2013). "Under the FLSA . . . 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The *sole consequence of conditional certification* is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court." *Id.* (emphasis added).

When reviewing a district court's denial of a motion to decertify a collective action following discovery, this Court explained "[b]ecause similarly situated employees must affirmatively opt into the litigation, the decision to certify the action, on its own, does not create a class of plaintiffs." *Morgan v. Family Dollar*

---

§ 216(b)," is an "as-yet unanswered question." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016). That Court noted:

> § 216(b) is written in the negative, providing that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Thus, the statute establishes that it is, at a minimum, necessary to file a written consent in order to become a party-plaintiff, but it is silent as to whether filing such a consent, without more, is sufficient to confer that status.

*Id.* at 225 n.10 (quoting 29 U.S.C. § 216(b)).

11

*Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008). We stated that "once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court." *Id.* "[T]he importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees. After being given notice, putative class members have the opportunity to opt in." [8] *Id.* (citation omitted).

The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required. *See Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003) (stating, in a case deciding whether opt-in plaintiffs join individual claims brought by the named plaintiffs or the action as a whole, "by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs"). It is apparent from the *Symczyk* and *Morgan* decisions that conditional certification does not serve the purpose of joining plaintiffs to the action. *See Symczyk*, 569 U.S. at 75, 133 S. Ct. at 1530; *Morgan*, 551 F.3d at 1259. Thus,

---

[8] In *Morgan*, the district court followed the *Hipp* process of using certification to facilitate notice. It was in this context that we assumed a similarly-situated determination will have preceded parties opting into the litigation. But, as we have emphasized, *Hipp* is optional. Therefore, it does not follow from our statements in *Morgan* that a similarly-situated determination must precede a party opting in—particularly where, as here, the *Hipp* process was not utilized.

12

conditional certification is solely for notice purposes and does nothing to determine if a party becomes a plaintiff. That conditional certification does not affect party status is bolstered by the fact that the *Hipp* analysis is a court-developed case management tool that is not mandatory. *See Hipp*, 252 F.3d at 1219; *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) ("[C]ertification is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful case management tool for district courts to employ in appropriate cases." (quotations omitted)). Although § 216(b) also requires an opt-in plaintiff be similarly situated to the named plaintiff, the opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them. Thus, Appellants were parties to the litigation below and may appeal adverse judgments against them. *See Marino v. Ortiz*, 484 U.S. 301, 304, 108 S. Ct. 586, 587 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.").

  2. *Whether Appellants can appeal the final judgment*

   This Court "usually cannot hear appeals from non-final orders." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989). "[S]ince only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *Id.* at 930.

The first time Appellants could appeal from the district court's January 6, 2016, conditional certification order and its October 17, 2016, clarification order was after the December 5, 2016, final order approving the settlement. Appellants could not have appealed from the conditional certification order because that order was not a final order and did not dismiss them from the case. Therefore, any appeal would have been premature. Nor could Appellants have appealed from the clarification order which also was not final and did not dismiss Appellants from the case; rather, it deemed them non-parties.[9] The only final, appealable order was the order approving the settlement between Mickles and Country Club which purported to resolve all claims between all remaining parties.[10] This final order drew into question all prior orders, including the order for conditional certification and the clarification order. *See id.* While Appellants are not bound by the final order approving settlement between Mickles and Country Club,[11] the entry of that

---

[9] Country Club argues Appellants should have moved to intervene in the case in order to appeal their status as non-parties. If a non-party seeks to appeal an order in a case, that party generally must move to intervene. *Marino*, 484 U.S. at 304, 108 S. Ct. at 587. The problem with this argument is that while the district court deemed the Appellants non-parties, this was error. Appellants were parties upon filing of their consents to sue, so intervening as non-parties was unnecessary.

[10] Normally, persons not bound by a class judgment on the merits cannot appeal from the class certification or settlement orders. *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1309-11 (11th Cir. 2004). While Appellants are not bound by the order approving the settlement, they were parties in the case who were bound by the prior orders and the first time they could appeal those orders was after final judgment was entered in the case.

[11] Country Club's argument that Appellants waived their right to appeal because they consented to the order approving the settlement without reserving their right to appeal is

14

judgment marked the first time Appellants could appeal the two orders they were bound by: (1) the order denying conditional certification; and (2) the clarification order. Satisfied that we have jurisdiction to hear this appeal, we turn to reviewing the conditional certification and clarification orders.

## B. Conditional Certification Order

Decisions regarding conditional certification in an FLSA collective action are reviewed for an abuse of discretion. *Morgan*, 551 F.3d at 1260. A district court does not generally abuse its discretion by refusing to accept an untimely filing, as "[d]eadlines are not meant to be aspirational." *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004).

The district court denied the motion for conditional certification on the sole basis that it was untimely under the Scheduling Order, which incorporated a local rule stating: "Specific filing times for some motions are set forth below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later." N.D. Ga. Loc. R. 7.1(A)(2). Appellants contend the district court did in fact give prior permission to file the conditional certification motion out of time. Appellants rely on the following exchange in a phone conference on April 14,

---

meritless. While Appellants' attorney also represented Mickles, the settlement was between Mickles and Country Club only. The settlement and subsequent judgment did not bind Appellants merely because they were represented by the same attorney as Mickles and did not file an objection.

2015, where the district court deferred the resolution of plaintiffs' discovery request until after the conditional certification motion was filed:

> THE COURT:  Have you filed that certification motion or condition[al] certification motion yet?
>
> [APPELLANTS' COUNSEL]:  Not yet.  We will be, you know, imminently.
>
> THE COURT:  Well, you file that motion and I'll entertain doing this.

The conditional certification motion was filed one month later, on May 14, 2015. Appellants argue the local rule simply refers to "prior permission" and does not contain any requirement the permission be secured through a formal filing.  They contend the district court gave the necessary permission by instructing counsel to file the motion.

The district court did not abuse its discretion in denying the motion for conditional certification as untimely.  The day the motion was due was September 22, 2014, yet the motion was not filed until May 14, 2015.  The exchange recounted above during a phone conference regarding discovery does not constitute "prior permission" to file an untimely motion for conditional certification nearly eight months after the deadline provided by the local rules. While the district court stated that Appellants could file the motion in the phone conference, its statement to file the motion does not constrain the district court from later finding that motion untimely.  The district court did not abuse its

16

discretion, and we affirm the district court's denial of conditional certification as untimely.

## C.  Clarification Order

Appellants contend we should construe and review the district court's clarification order as a dismissal with prejudice, since it effectively barred further litigation under the relevant statute of limitations.  We agree with Appellants' contention that the district court's deeming them non-parties in the clarification order was tantamount to dismissing them with prejudice, as the applicable statute of limitations would probably bar them from refiling their claims.

Where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is "tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice."  *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) (quotations omitted); *see also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (holding "where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation," we apply the "stricter" standard of review that we ordinarily employ when reviewing a dismissal with prejudice).[12]  A dismissal with prejudice is a sanction of last resort, and it is only

---

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this

17

proper if the district court finds both (1) a clear record of delay or willful conduct, and (2) a finding that lesser sanctions are inadequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

Generally, when conditional certification of a collective action is denied, existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims. *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (explaining when district court denied certification of an FLSA collective action, it allowed the named plaintiffs' claims to go forward and dismissed the opt-in plaintiffs without prejudice); *Hipp*, 252 F.3d at 1218 (suggesting opt-in plaintiffs should be dismissed without prejudice in an FLSA collective action that is decertified).[13] District courts have also allowed opt-in plaintiffs to stay in the litigation, even after certification is denied. In *Haynes v. Singer Co.*, 696 F.2d 884, 885 (11th Cir. 1983), the district court denied certification in a case with one named plaintiff and one opt-in plaintiff, but then went on to rule on the merits of both plaintiffs' claims even though certification was not granted.

Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[13] At oral argument, Country Club's counsel conceded that if this Court holds Appellants became parties upon the filing of their consents, Appellants should have been dismissed without prejudice when conditional certification was denied. In fact, Richardson, an opt-in plaintiff who did not participate in discovery ended up in a better position to refile her case than Appellants, as the district court dismissed Richardson's case without prejudice.

18

As we held in the jurisdictional section, Appellants were parties to the litigation upon filing consents and, absent a dismissal from the case, remained parties in the litigation. Thus, the district court erred in deeming Appellants non-parties in the clarification order, which had the effect of dismissing their claims with prejudice.

## III.  CONCLUSION

We AFFIRM the district court's denial of conditional certification. We VACATE the district court's clarification order and REMAND with instructions for the district court to either (1) dismiss Appellants from the case without prejudice to refile, or (2) go forward with Appellants' individual cases since discovery has been completed. In addition, we hold Appellants are entitled to statutory tolling of their claims beginning on the dates they filed their written consents. *See* 29 U.S.C. § 256(b) ("[A]n action commenced . . . under the [FLSA], shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the [FLSA], it shall be considered to be commenced in the case of any individual claimant—[on the date] on which such written consent is filed in the court in which the action was commenced."). Thus, Houston is entitled to statutory tolling beginning on June 11,

2014, and McAllister and Lemon are entitled to statutory tolling beginning on August 26, 2014.[14]

**AFFIRMED in part; VACATED and REMANDED in part.**

---

[14] To the extent Country Club's response to this Court's jurisdictional question is construed as a motion to dismiss the appeal for a lack of jurisdiction, the motion is denied. Additionally, Country Club's motion for sanctions for filing a frivolous appeal is denied.