[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13242

Non-Argument Calendar

_____

USHA JAIN,
Dr.,
MANOHAR JAIN,

                                             Plaintiffs-Appellants,

*versus*

DONALD MYERS,
HEATHER HIGBEE,
JOHN KEST,
KEVIN WEISS,
individually and official capacity,
MR. WERT, et al.,

2                    Opinion of the Court                    22-13242

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-01635-CEM-LHP

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Manohar and Usha Jain, proceeding *pro se*, file this appeal regarding the district court's orders imposing a pre-filing injunction, awarding attorney's fees as sanctions and denying a motion for reconsideration of sanctions, and denying a request for a supersedeas bond. The Jains also filed two prior consolidated appeals challenging the district court's order dismissing the Jains' complaint and various post-judgment motions.

In the instant appeal, the Jains argue that the district court abused its discretion in entering the pre-filing injunction because it constituted unlawful retaliation, and they were not provided with due process. They also argue that the district court abused its discretion in awarding attorney's fees as sanctions and denying their motion for reconsideration of the sanctions order because their filings were not frivolous or in bad faith, they were not provided due process, and there was no causal connection for the attorney's fees. They likewise argue that the district court abused its discretion in

denying their motion for a supersedeas bond and stay pending appeal. The appellees moved to dismiss the appeal for lack of jurisdiction. We previously issued an order denying appellees' motion to dismiss the appeal of the reconsideration and supersedeas bond orders because the notice of appeal was timely as to those orders. As to the remaining challenged orders, we carried the motion to dismiss with the case.

We will group the Jains' arguments into four groups based on subject matter. First, we will consider the pre-filing injunction. Second, we will address the orders relating to sanctions. Third, we will review the orders on the motion for reconsideration. Fourth, we will consider the supersedeas bond denial. For the following reasons, we dismiss the Jains' appeal of the pre-filing injunction and the sanctions orders because they are duplicative and untimely, respectively. For the remaining issues, we affirm the district court.

## I.

Federal courts may use their inherent administrative power to dismiss duplicative litigation to avoid wasting judicial resources. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976); *accord I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). A new action is duplicative of a prior action in which the parties, issues, and available relief are substantially the same. *I.A. Durbin, Inc.*, 793 F.2d at 1551. In general, an appellant "is not entitled to two appeals" from the same judgment. *United States v. Arlt*, 567 F.2d 1295, 1297 (5th Cir. 1978).

The Jains already challenged the pre-filing injunction in their consolidated appeal in cases 20-11908 and 21-11719, and any consideration of the injunction here would be duplicative. Accordingly, we grant appellees' motion to dismiss as to the Jains' pre-filing injunction claim.

## II.

We must examine jurisdiction *sua sponte* and review our own jurisdiction *de novo*. *Wood v. Raffensperger*, 981 F.3d 1307, 1313 (11th Cir. 2020). The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1301 (11th Cir. 2010). To be timely, a notice of appeal in a civil case must be filed no later than 30 days after the challenged order or judgment is entered on the docket. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Every judgment must be set out in a separate document, except orders which dispose of motions in delineated circumstances such as orders regarding motions under Rule 59. Fed. R. Civ. P. 58(a). When a separate document is required, a judgment or order is entered when the judgment or order is set forth in a separate document or when 150 days have run from entry of the judgment or order on the civil docket, whichever is earlier. Fed. R. App. P. 4(a)(7)(A); Fed. R. Civ. P. 58(c)(2).

A timely-filed motion to alter or amend a judgment under Rule 59 suspends the finality of the judgment for purposes of appeal and tolls the time for taking an appeal. Fed. R. App. P. 4(a)(4)(A). But a motion to alter or amend a judgment must be filed no later

than 28 days after the entry of the judgment, and an untimely motion does not toll the time for filing a notice of appeal. Fed. R. Civ. P. 59(e); *Green*, 606 F.3d at 1300.

The Jains challenge the district court's sanctions order and several prior orders leading up to the sanctions hearing—namely, the court's orders in documents 227, 228, 236, 238, 239, 247, 254, and 257. For purposes of calculating the timeliness of the appeal, the sanctions order is the final post-judgment order because it fully disposed of all issues raised in the district court's show cause order. That is, the court's prior decisions relating to the show cause order merged into the sanctions order. *See Barfield v. Brierton*, 883 F.2d 923, 930–31 (11th Cir. 1989); *see also Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278–79 (11th Cir. 2018) (explaining that an appeal from the final judgment brings up for review all preceding non-final orders that produced the judgment).

Because the district court issued its sanctions order on January 11, 2022, and the Jains filed the instant notice of appeal on September 23, 2022, their notice was untimely. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 58(c)(2). Even though the Jains filed a motion for an extension of time to file a motion for reconsideration, their deadline to appeal was unaffected because they did not file a motion for reconsideration within 28 days of the sanctions order, and the district court is not permitted to extend the Rule 4(a)(4) deadline. *See* Fed. R. App. P. 4(a)(4)(A); *Green*, 606 F.3d at 1300. We therefore dismiss the appeal to the extent that it

challenges the original sanctions order because the notice of appeal was untimely.

Similarly, the Jains challenge on appeal three subsequent orders about their obligation to pay sanctions in documents 261, 263, and 265. The court entered these orders between February 3, 2022, and February 22, 2022, therefore rendering the notice of appeal as to those orders also untimely. The Jains' untimely Rule 59(e) motion did not toll the time for filing a notice of appeal. *Green*, 606 F.3d at 1300. For the same reasons as the sanctions order, we dismiss the appeal to the extent it challenges these February orders. *See* Fed. R. App. P. 4(a).

## III.

Unlike their challenge to the original sanctions order, the Jains' notice of appeal of the denial of their motion for reconsideration was timely filed. We therefore have jurisdiction to review that challenge. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). A district court's denial of a Rule 59(e) motion is reviewed for an abuse of discretion. *Lambert v. Fulton County*, 253 F.3d 588, 598 (11th Cir. 2001). Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

The district court did not abuse its discretion in denying the motion for reconsideration. Before the court entered judgment, the Jains could have raised their arguments regarding their nonfrivolous filings, their need for due process, and the causal link

between the attorney's fees and the sanctions awarded. The remaining arguments presented on appeal were not raised in the motion for reconsideration and are therefore forfeited. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We therefore affirm the district court's denial of the Jains' motion for reconsideration of the sanctions order.

## IV.

The Jains' last argument is that the district court abused its discretion by denying their motion for a supersedeas bond and stay pending appeal. But if an appellant intends to argue on appeal that a finding or conclusion is unsupported by or contrary to the evidence, he or she must include in the record a transcript of all evidence relevant to that finding or conclusion. Fed. R. App. P. 10(b)(2). Under the "absence-equals-affirmance rule," the appellant has the burden "to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006). This requirement applies to *pro se* appellants. *Loren v. Sasser*, 309 F.3d 1296, 1304–05 (11th Cir. 2002).

The district court denied the motion and read its order into the record at the August 31, 2022, hearing on the motion. But the Jains failed to order the transcript from the hearing, prohibiting us from reviewing the district court's reasoning and findings. We therefore cannot conduct meaningful appellate review because the Janis failed "to ensure the record on appeal is complete." *Selman*,

8                          Opinion of the Court                          22-13242

449 F.3d at 1333. Accordingly, we affirm the district court's denial of the motion for a supersedeas bond.

## V.

For the foregoing reasons, we **GRANT** appellees' motion to dismiss appellants' pre-filing injunction claim. Appellants' pre-filing injunction challenge and sanctions challenge are **DISMISSED**. For the remaining challenges, the district court is **AFFIRMED**.