[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10228

_____

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

RYAN K. STUMPHAUZER,
Court-Appointed Receiver for Complete
Business Solutions Group, Inc.,

Interested Party-Appellee,

*versus*

COMPLETE BUSINESS SOLUTIONS
GROUP, INC., et. al.,
d.b.a. Par Funding,

Defendants,

LISA MCELHONE,
JOSEPH W. LAFORTE,
a.k.a. Joe Mack,
a.k.a. Joe Macki,
a.k.a. Joe McElhone,
L.M.E. 2017 FAMILY TRUST,

                                    Defendants-Appellants.

————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81205-RAR

————————————

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

        This appeal concerns certain orders and judgments in a Securities and Exchange Commission (SEC) civil enforcement action. Appellants Joseph LaForte and Lisa McElhone are founders of Complete Business Solutions Group, Inc., d/b/a Par Funding. In July 2020, the SEC brought this action against Appellants and Par Funding, among others. The agency alleged that Par Funding's business model involved a scheme of unregistered, fraudulent securities offerings that raised hundreds of millions of dollars from investors nationwide. The assets of Par Funding, LaForte, and

23-10228                  Opinion of the Court                  3

McElhone were entered into a receivership for purposes of this litigation. After Appellants consented to liability for numerous securities violations, the district court assessed disgorgement, prejudgment interest, and civil penalties against LaForte and McElhone.

On appeal, Appellants argue the following:

I.    The district court denied Appellants due process in connection with an expansion of the receivership's assets;

II.   The district court abused its discretion in its final disgorgement award;

III.  The district court abused its discretion in its third-tier penalty determinations; and

IV.   We should reassign this case to another district court judge upon remand.

After careful review of the record, and with the benefit of oral argument, we find no reversible error with the exception of the civil penalties award.

Beginning with the receivership's expansion, the record reveals that Appellants received appropriate process in their receivership proceedings.[1] The expansion serves as a preliminary protective measure to safeguard assets over the course of the

---

[1] We carried a jurisdictional question with this case—whether we have jurisdiction over the receivership's expansion order. Based upon this case's proceedings, we find that the expansion order merged into the final judgment as certified under Federal Rule of Civil Procedure 54(b). *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278–79 (11th Cir. 2018). Accordingly, we have jurisdiction. *See* Fed. R. App. P. 3(c)(4).

enforcement action.  Appellants received notice of the expansion motion; fully briefed their opposition; and raised this opposition at the status conference.  *See SEC v. Torchia*, 922 F.3d 1307, 1316, 1319 (11th Cir. 2019).  These circumstances indicate that, on balance, the court afforded sufficient due process in their opposition to the motion.  *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).[2]

Nor do we find an abuse of discretion in the court's disgorgement award.  The district court reviewed the parties' briefings, matched it with record evidence, and conducted a thorough evidentiary hearing on the matter.  The final figures represent the court's reasoned reliance upon the SEC expert's calculation, while deducting over $100,000,000 in various business expenses.  *See Liu v. SEC*, 140 S. Ct. 1936, 1949–50 (2020); *SEC v. Calvo*, 378 F.3d 1211, 1217–18 (11th Cir. 2004) (per curiam).  Based upon the judgments' meticulous explanations, we see no abuse of discretion as to the court's disgorgement award.

However, the court abused its discretion in its framing of the civil penalties award.  The statutory language of federal securities laws prohibits joint and several liability for civil penalties.  *See, e.g.*, *SEC v. Pentagon Cap. Mgmt.*, 725 F.3d 279, 287–88 (2d Cir. 2013).  The district court's civil penalties judgments contain inconsistences—while the Amended Order Granting in Part Plaintiff's

---

[2] One argument raised in this appeal was whether due process even applies to receivership orders.  We pass no judgment as to that issue.  However, even assuming due process principles apply, there was no due process violation in this case.

23-10228              Opinion of the Court                    5

Amended Omnibus Motion for Final Judgment imposes civil penalties jointly and severally, the Amended Final Judgment as to McElhone and LaForte is ambiguous regarding the nature of the civil penalty liability. *Compare* Dist. Ct. Doc. 1450 at 42, 48 *with* Dist. Ct. Doc. 1451 at 2. Due to this apparent conflict, we must vacate and remand for the court to re-visit its civil penalties award.[3]

In conclusion, we find no due process violation as to the receivership's expansion. As to the monetary judgments, we **AFFIRM** the district court's disgorgement award and **VACATE and REMAND** the court's civil penalties award for further proceedings consistent with this opinion.

---

[3] While we vacate the civil penalties award, we find no inherent error in the district court's methodology for calculating the penalties. *See, e.g.*, *SEC v. Murphy*, 50 F.4th 832, 848 (9th Cir. 2022) (permitting wide discretion in the court's determination as to what constitutes a "violation" under the statutory scheme).