[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13230

Non-Argument Calendar

_____

STEVEN DOUGLAS SHERMAN,

Plaintiff-Appellant,

*versus*

A BURLESON, et al.,
Officer,

Defendants,

CASTRO,
lpn,
B BOTTOMS,
hsa,
E HERNANDEZ-PEREZ,

Dr,

PYBUS,

lpn,

AMY SCOTT,

hsa,

                                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-00537-MCR-ZCB

_____

Before ROSENBAUM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  Steven Douglas Sherman, proceeding *pro se*, appeals from the district court's order entering summary judgment for six defendants in his 42 U.S.C. § 1983 suit, which merged into its final order and judgment dismissing his remaining claims.  *See Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("Since only a final judgment . . . is appealable, the appeal from a final judgment draws in question all prior non-final orders . . . which produced the judgment." (quotation marks omitted, alterations accepted)); Fed. R. App. P. 3(c)(7) ("An appeal must not be

24-13230                Opinion of the Court                3

dismissed . . . for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment.").

Sherman was required to file a notice of appeal from the district court's August 7, 2024, judgment by September 6, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, his notice of appeal was not filed until October 2, 2024. *See Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1472 (11th Cir. 1984). Accordingly, the notice is untimely and cannot invoke our appellate jurisdiction. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.