[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11700

Non-Argument Calendar

_____

SAMUEL LEE SMITH, JR.,

                                        Plaintiff-Appellant,

*versus*

JESUS VALDIVIA,
Police Officer,
THE CITY OF MIAMI BEACH,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:24-cv-21001-DPG

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel Lee Smith, Jr., proceeding *pro se*, appeals the district court's dismissal without prejudice of his complaint. The district court dismissed Smith's complaint, which alleged a Fourth Amendment excessive force violation, for failure to state a claim under 28 U.S.C. § 1915(e)(2). On appeal, Smith argues that his complaint does state a cognizable claim, at least for the alleged assault by the officer. Smith also argues that, even if the complaint does not state a cognizable claim, the district court should have permitted him to amend the complaint.

"We review dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo* and view the allegations in the complaint as true." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Id.* To survive a motion to dismiss under 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "At the pleading stage, Rule 8(a)(2) requires that "the 'plain statement' possess enough heft to show that the pleader is entitled to relief." *Id.* at 557 (quotation omitted). Where a complaint pleads facts that are simply consistent with a given defendant's liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

Generally, a plaintiff proceeding *pro se* must receive at least one opportunity to amend the complaint if he might be able to state a claim by doing so. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). If the plaintiff clearly indicates he does not want to amend his complaint, or if a plaintiff could not, through amendment, cure the defects in the complaint, a court need not grant leave to amend. *Woldeab*, 885 F.3d at 1291. Absent one of these exceptions (at least in a case involving a dismissal with prejudice),[1] a district court must advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend. *Id.* at 1291–92.

Florida's limitations statute requires an action asserting a Fourth Amendment excessive force claim to be filed within four

---

[1] Because of the statute of limitations matter discussed below, we need not decide in this case the extent to which, or under what circumstances, this rule should apply generally when the dismissal is without prejudice.

4                    Opinion of the Court                    24-11700

years.  Fla. Stat. § 95.11(3)(o); *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).  Generally, a dismissal without prejudice does not automatically toll the statute of limitations, and instead the dismissed action is treated as if it was never filed when a later action is filed, which itself must satisfy the limitations period.  *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1337 (11th Cir. 2023) (citations omitted).  Where a dismissal without prejudice would preclude a plaintiff from filing because of the statute of limitations, this Court applies "the stricter standard of review that [it] ordinarily employ[s] when reviewing a dismissal with prejudice," which is a "sanction of last resort." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quotation marks omitted).  Dismissal with prejudice is only proper if there is a clear record of delay or willful conduct, and a finding that lesser sanctions are inadequate.  *Id.* (citation omitted).  In other words, under such circumstances, a dismissal without prejudice is "'tantamount to a dismissal with prejudice.'" *Id.* at 1280 (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981)).

Here, the district court erred by dismissing the complaint without affording Smith an opportunity to amend.  Given the circumstances of this case—i.e. the district court dismissed Smith's *pro se* complaint without prejudice and administratively closed the case, and the fact that Smith would now be barred by the statute of limitations from filing a new complaint—he should have been given an opportunity to address the district court's concerns about his factual allegations, or lack thereof.

24-11700                Opinion of the Court                5

The judgment of the court below is hereby **VACATED**, and this case is **REMANDED** to the district court for further proceedings consistent with this opinion.