[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11399

Non-Argument Calendar

_____

DIMITAR PETLECHKOV,

Plaintiff-Appellant,

*versus*

JOSHUA PAUL GILMER,

AMAR BALIKAI,

JESSICA M. ALEXANDER,

REALM CONDOMINIUM ASSOCIATION, INC.,

FIRSTSERVICE RESIDENTIAL GEORGIA, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-00658-JPB

_____

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Dimitar Petlechkov, *pro se*, appeals the dismissal of his complaint alleging state-law claims of breach of fiduciary duty, fraud, negligent misrepresentation, and a violation of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act as a shotgun pleading. He also appeals the denial of his motions for electronic filing and service of process. He argues that the district court abused its discretion because his claim was not a shotgun pleading, and he contends that we should vacate the denial of his motions for electronic filing and service of process.

We agree that the district court abused its discretion in dismissing Petlechkov's complaint as an impermissible shotgun pleading. But because the statute of limitations had already run on all Petlechkov's claims except his RICO claim when he filed the complaint, any error was harmless except as to his RICO claim. We therefore affirm the district court's dismissal order as to Counts 1 through 3 of Petlechkov's complaint and vacate and remand as to Count 4. As for Petlechkov's argument that we should vacate the denial of his motions for electronic filing and service of process, he has abandoned those issues.

## I.

Petlechkov filed a diversity action against the individual defendants, Realm Condominium Association, Inc., and First Service Residential Georgia, Inc. He sufficiently alleged subject-matter jurisdiction.

As for the substance of his complaint, Petlechkov alleged that Realm is a condominium building. Its units are subject to a "Declaration of Condominium." When an owner is a legal entity, like a corporation, the entity could designate who could occupy the unit, as long as the entity provided the designation in writing to Realm's board. The designated person couldn't change more than once every six months.

Petlechkov asserted that since 2014, he had owned at least one unit at Realm through a "pass-through (corporate) ownership structure." From 2015 to 2019, Petlechkov designated occupants to stay in his units for at least six months each. But after two of the individual defendants joined the board in October 2019, Petlechkov's requests to change the designated occupants of his units were denied. One of the defendants emailed Petlechkov on behalf of the board, saying that the board wished to end the corporate-designation system and would allow people into the building only if they were listed on the deed. The complaint alleged that this purported amendment never actually passed as required under the board's amendment and voting process.

Then, in October 2019, Petlechkov complains that the defendants forced his new occupants out of his units.

Petlechkov brought four claims, which he divided into four counts and laid out under individual headings. Count 1 asserted a claim for breach of fiduciary duty against the individual defendants. Count 2 charged fraud against all defendants. Count 3 alleged negligent misrepresentation against all defendants. And Count 4 brought a RICO claim against all defendants. Each of the claims started by realleging the factual paragraphs that preceded Count 1. In addition, each of Counts 2 through 4 realleged specific, isolated allegations from one of the prior counts, as relevant to the particular charge.

Petlechkov sought to proceed *in forma pauperis*, so his complaint was subject to a frivolity determination. On that review, the district court dismissed Petlechkov's complaint, without prejudice, as an impermissible shotgun pleading. The court gave Petlechkov 30 days to amend.

But Petlechkov had also moved to register for electronic filing because he was in Bulgaria, and the mails were slow. And he moved for an order directing the clerk of court to issue summonses to the defendants and instructing the U.S. Marshals to serve the summonses and complaints. The district court denied Petlechkov's motion for electronic filing (based on a local rule) and denied his motion for service of process as moot.

Petlechkov chose to appeal rather than amend his complaint. He then moved for summary reversal, which we denied.

**II.**

We begin with Petlechkov's appeal of the district court's order denying him electronic filing and service.  Petlechkov's briefing on this issue consists of a single sentence in which he asserts—without citing any authority—that we should vacate the denial of his motions if we conclude his complaint wasn't a shotgun pleading.

We consider an issue abandoned when a party that purports to raise it on appeal fails to "plainly and prominently" do so. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  That's the problem here.  Petlechkov abandoned any argument that the district court erred by denying his motions for electronic filing and service of process, as his brief raises the argument in passing without citing any authority.  So we decline to consider it.

## III.

We turn next to the order dismissing the complaint as a shotgun pleading.

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  A "shotgun pleading" violates Rule 8(a)(2) by failing "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1320, 1323.  Shotgun pleadings include complaints that (1) contain multiple counts where each count adopts the allegations of all

preceding counts; (2) are replete with conclusory, vague, and immaterial facts not obviously connected to a specific cause of action; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Id.* at 1321-23. So shotgun pleadings are appropriately dismissed by district courts.

Here, though, the district court abused its discretion by dismissing Petlechkov's claim as a shotgun pleading. The complaint provided the defendants with sufficient notice of the claims against them.

And in this case, the dismissal—though nominally without prejudice—acted as a dismissal with prejudice as to Counts 1 through 3 because the statute of limitations precluded Petlechkov from refiling those claims.

Under Georgia law, actions for fraud or negligent misrepresentation must be brought within four years of when the right of action accrues. O.C.G.A. § 9-3-31; *Coe v. Proskauer Rose, LLP*, 878 S.E.2d 235, 241 (Ga. 2022). Likewise, Georgia courts have applied a four-year limitations period to claims for breach of fiduciary duty based on fraud. *See Kothari v. Patel*, 585 S.E.2d 97, 102 (Ga. Ct. App. 2003). Meanwhile, Georgia's RICO statute provides for a five-year limitations period. O.C.G.A. § 16-14-8.

When "a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal

with prejudice." *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quotation marks omitted).

Still, an error is considered harmless when there's no reasonable likelihood that the outcome would have been different absent the error. *Equal Employment Opportunity Commission v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019). And that's the case here with respect to Counts 1 through 3. The statute of limitations had already run on these counts when Petlechkov filed his complaint, so the district court's error was harmless as to those counts.

We cannot say the same thing with respect to Count 4. That claim, as alleged, would have been timely when Petlechkov filed his complaint. So we vacate and remand the dismissal order as to Petlechkov's Georgia RICO claim, but otherwise affirm.

## IV.

For these reasons, we affirm the district court's dismissal of Counts 1 through 3 and its order denying electronic filing and service of process. But we vacate and remand the district court's dismissal of Count 4 for additional proceedings consistent with this opinion.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**