[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-14245

Non-Argument Calendar

_____

ANDY C. NOWELL,

                                        Plaintiff-Appellant,

*versus*

A. DAVID JOHNSON,
Judge, Pc ala,
JEREMY ARMSTRONG,
Lawyer Pc al,
CONNIE COOPER,
Lawyer Pc al,
KENNETH DAVIS,
DA Pc al,
MARK ANTHONY,
Col Ga DA,

2                    Opinion of the Court                    24-14245

VICKI NOVAK,
Public Def,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:23-cv-00562-MHT-CSC

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Andy Nowell, a *pro se* Alabama prisoner, appeals the dismissal of his amended 42 U.S.C. § 1983 complaint.[1]  After review, we affirm the district court.

While the district court dismissed Nowell's case for failure to comply with an order of the court regarding the filing of an amended complaint, the district court also reasoned that even if

---

[1] While Nowell designates that he is also appealing the denial of his Fed. R. Civ. P. 59(e) motion to alter or amend the judgment in his Notice of Appeal, he has abandoned any argument regarding the denial of that motion because he has failed to raise such an argument on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating although we read *pro se* briefs liberally, issues not briefed by a *pro se* litigant are considered abandoned).

Nowell's complaint were not subject to dismissal for failure to comply with the court's order, the amended complaint was also time-barred.  We address the timeliness of the amended complaint.

The Supreme Court has held that state personal injury statutes of limitations apply to 42 U.S.C. § 1983 actions, and where there are multiple statutes of limitations for personal injury actions, the residual or general statute should be applied.  *Owens v. Okure*, 488 U.S. 235, 245-250 (1989).  In Alabama, the residual personal injury limitation period is two years from the date the cause of action accrues.  Ala. Code § 6-2-38(l).

Nowell's amended complaint stated the constitutional violations he alleged occurred in 2015 and 2018.  Thus, the two-year statute of limitations had run on his claims by the time he filed his initial complaint in 2023.  *See Owens*, 488 U.S. at 248-50; Ala. Code § 6-2-38(1).  Because the statute of limitations had already run on his claims when he filed his complaint in 2023, any potential error by the district court in dismissing his case for failure to comply with a court order was necessarily harmless.  *EEOC v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019) (explaining where there is not a reasonable likelihood the outcome would have been different but for the district court's error, the error is harmless, and we will not reverse the district court).  Accordingly, we affirm the district court's dismissal of Nowell's case with prejudice as his action was time-barred.  *See Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (stating "[w]here a dismissal without prejudice has the effect of precluding a plaintiff from refiling his

4                          Opinion of the Court                        24-14245

claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice" (quotation marks omitted)).

**AFFIRMED.**