**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11388

Non-Argument Calendar

————————————————

SHAQUON RASHAWN JOHNSON,

*Plaintiff-Appellant,*

*versus*

C. NEEL,
    Secretary's Representative, Individual and Official Capacity,
C. BURNETT,
    Lieutenant, Individual and Official Capacity,
NUNES,
    Inspector General, Individual and Official Capacity,
REIBL,
    Inspector General, Individual and Official Capacity,
A. MCGREGOR,
    Grievance Coordinator, Individual and Official Capacity, et al.,

*Defendants-Appellees,*

MCKENNY,
    First Shift Lieutenant, Individual and Official Capacity,

*Defendant.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cv-00477-MMH-PDB

———————————————

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Shaquon RaShawn Johnson, proceeding pro se, appeals the district court's dismissal without prejudice, under Federal Rule of Civil Procedure 41(b), of his amended civil rights complaint against 14 named prison employees and state officials. On appeal, Johnson argues that the district court abused its discretion in dismissing his amended complaint for failure to comply with prior instructions on how to properly re-plead his allegations, asserting that his amended complaint set forth related claims against two specific defendants, such that those defendants were properly joined, and that he stated a claim for deliberate indifference against four other named defendants. Having reviewed the record and read Johnson's brief,[1] we affirm the district court's order dismissing Johnson's amended complaint.

**I.**

We review a district court's order dismissing an action under Rule 41(b) for abuse of discretion. *Gratton v. Great Am. Commc'ns,*

———

[1] Appellees did not file a response brief.

178 F.3d 1373, 1374 (11th Cir. 1999). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1324 (11th Cir. 2020) (citation omitted).

## II.

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although the plain language of Rule 41(b) indicates that a defendant may move for dismissal, a district court may sua sponte dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (concluding that dismissal without prejudice for violating a single court order was not an abuse of discretion). However, we have recognized that "[w]here a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is 'tantamount to a dismissal with prejudice.'" *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (quoting *Burden v. Yates*, 644 F.2d

503, 505 (5th Cir. Unit B 1981)).  Because dismissal without prejudice is an extreme sanction, "it is only proper if the district court finds both (1) a clear record of delay or willful conduct, and (2) a finding that lesser sanctions are inadequate." *Id.*

Claims brought under 42 U.S.C. § 1983 that allege constitutional violations are subject to the residual statute of limitations governing personal injury actions in the state where the action was brought.  *Doe ex rel. Doe #6 v. Swearingen*, 51 F.4th 1295, 1302-03 (11th Cir. 2022).  In Florida, this limitations period is four years.  *Id.* at 1303; *see also* Fla. Stat. Ann. § 95.11(3)(p).  While federal courts borrow the limitation period for a § 1983 claim from state law, federal law determines when a cause of action accrues.  *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007).  Generally, a federal claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis for the action, not when the plaintiff learns the viability of the claim.  *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and will be liberally construed.  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  Nevertheless, pro se litigants are required to comply with applicable procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## III.

The record demonstrates that the district court did not abuse its discretion in dismissing Johnson's case pursuant to Rule

41(b), because Johnson did not cure any of the specified deficiencies that the court had identified in his original complaint, other than eliminating naming the defendants in their official capacities. Further, the court's order did not apply an incorrect legal standard, follow improper procedure in making the determination, or make findings of fact that were clearly erroneous. Moreover, dismissal without prejudice does not preclude Johnson from re-filing his claim, as the applicable statute of limitations of four years has not yet run.[2]

Accordingly, based on the aforementioned reasons, we affirm the district court's order of dismissal.

**AFFIRMED.**

---

[2] The statute of limitations under Florida law will not begin to run until February 8, 2028.