[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10406

Non-Argument Calendar

_____

DAVID Q. WEBB,

Plaintiff-Appellant,

*versus*

MIAMI-DADE COUNTY GOVERNMENT,
MAYOR OF MIAMI-DADE COUNTY,
MIAMI-DADE COUNTY HOMELESS TRUST,
a State of Florida Government Agency,
EXECUTIVE DIRECTOR,
Victoria Mallette O'Bryan,
CAMILLUS HOUSE, INCORPORATED,
a Non-profit, 501 (c)(3) Organization, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23971-RKA

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

After the district court concluded that appellant David Q. Webb's first amended complaint was a shotgun pleading, it directed him to file a second amended complaint that corrected the deficiencies. When Webb failed to file a second amended complaint, the district court dismissed the action without prejudice. On appeal, Webb challenges the district court's orders. After careful review, we affirm.

## I.

In December 2022, Webb moved into a residential facility operated by Camillus House, Inc., in Miami-Dade County. Camillus House is a non-profit organization that provides services to the unhoused in southern Florida. Webb lived at the Camillus house facility for several months until he was forced to leave. At that point, Webb became unhoused.

Webb, proceeding *pro se*, filed a complaint in federal district court bringing claims related to his removal from the facility. The defendants included the Miami-Dade County government, the Miami-Dade County Homeless Trust, and Camillus House, as well as leaders of each of these entities.

Webb organized the complaint into three counts. In the first count, Webb, who is disabled because he suffers from angina, alleged that the defendants violated the Americans with Disabilities Act by engaging in discrimination and retaliation. In the second count, he alleged that the defendants violated the Fair Housing Act by refusing to provide a reasonable accommodation for his disability. Webb labeled his third count "Florida State Vicarious Liability Culpability." Doc. 1 at 11.[1] In this count, he purported to bring five separate causes of action. He demanded a total of $8,800,000 in damages for all claims.

Along with his complaint, Webb filed a motion seeking leave to proceed *in forma pauperis*. When reviewing this request, the district court screened Webb's complaint, reviewing, among other things, whether it stated a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B). The district court concluded that the complaint was a shotgun pleading.

The court concluded that the complaint was a shotgun pleading because it failed to separate into a different count each cause of action and instead "shoehorned several causes of action

---

[1] "Doc." numbers refer to the district court's docket entries.

into single counts." Doc. 9 at 5. The court pointed out that in the first count Webb "allege[d] that various combinations of Defendants violated his rights under different sections of the" Americans with Disabilities Act and that in the third count he asserted five discrete causes of action. *Id.*

The court identified a second reason why the complaint was a shotgun pleading: it asserted multiple claims against multiple defendants without specifying which defendant was responsible for which acts. The court noted that Webb alleged in the complaint's first paragraph "that *all* of the Defendants violated *both* his Fourth Amendment rights *and* the strictures of the False Claims Act," but he referenced the Fourth Amendment only one other time in the complaint and never mentioned the False Claims Act again. *Id.* at 6. It was thus unclear from the complaint "*who* might have violated [Webb's] Fourth Amendment rights (or how)" and "which part of the False Claims Act someone (again, we don't know who) violated (or how)." *Id.*

The court directed Webb to file an amended complaint with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and to "separate each cause of action into different counts." *Id.* (internal quotation marks omitted). It also instructed him to "explain how he's been injured (and by whom) and to "plead the elements of a viable cause of action, supporting each element with specific factual allegations." *Id.* The court warned Webb that if he failed to do so, it would dismiss the amended complaint.

Webb filed a first amended complaint. In this pleading, he named several additional individual defendants who were employed by the county or Camillus House. The amended complaint included 249 numbered paragraphs purporting to raise 87 separate causes of action.

The district court concluded that the first amended complaint was a shotgun pleading because it was replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action. It pointed out that many counts simply stated legal conclusions that constitutional or statutory violations had occurred without any factual allegations to support the conclusions and that other counts consisted solely of factual allegations without asserting any legal claim. After giving Webb instructions about how to correct these deficiencies, the court ordered him to file a second amended complaint within 30 days. The court warned Webb that if he failed to file a second amended complaint, the case would be dismissed.

After Webb failed to file a second amended complaint by the deadline, the district court dismissed the case for failure to comply with a court order. It labeled the dismissal without prejudice. This is Webb's appeal.

## II.

We review for abuse of discretion a district court's dismissal of a complaint as a shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). And we review for abuse of discretion a district court's dismissal of a complaint for

failure to follow a court order. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

### III.

We liberally construe Webb's appellate brief as challenging the district court's conclusion that his first amended complaint was a shotgun pleading as well as its decision to dismiss the action when Webb failed to file a second amended complaint.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks omitted). An adequate complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In addition, the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading" and so that "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (internal quotation marks omitted).

Complaints that violate these rules are often referred to as "shotgun pleadings." *Id.* A shotgun pleading fails "to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted). Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fail to separate into a separate count each cause of action or claim for relief; or (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court has inherent authority to dismiss a complaint on shotgun-pleading grounds. *Vibe Micro*, 878 F.3d at 1295. We have explained that when a plaintiff files a shotgun pleading, "the district court should strike the pleading and instruct [the plaintiff] to replead the case" even if the defendant has not moved to strike the pleading. *Jackson v. Bank of Am.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (alteration adopted) (internal quotation marks omitted). When a plaintiff files a shotgun pleading, a district court must "give him one chance to replead before dismissing his case with prejudice" on shotgun-pleading grounds. *Vibe Micro*, 878 F.3d at 1296. So that the plaintiff can correct the deficiencies, the court "should

explain how the offending pleading violates the shotgun pleading rule." *Id.*

Here, the district court did not abuse its discretion in dismissing the first amended complaint as a shotgun pleading. We agree with the district court that the first amended complaint was a shotgun pleading because it contained conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Weiland*, 792 F.3d at 1322.

After determining that the first amended complaint was a shotgun pleading, the district court directed Webb to file a second amended complaint with instructions about how to cure the deficiencies in his pleading. But after Webb failed to file a second amended complaint, the court dismissed the action without prejudice. The district court did not abuse its discretion in doing so.

When a plaintiff fails to comply with a court order, a district court generally has discretion to dismiss the action under either the Federal Rules of Civil Procedure or its inherent authority to manage its docket. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).[2] "[D]ismissal upon disregard of an

---

[2] When "a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) (internal quotation marks omitted). We apply a more stringent standard when reviewing a dismissal with prejudice. *See Betty K Agencies*, 432 F.3d at 1337–38. Given that Webb's claims accrued in 2023, the applicable limitations periods have not yet run. We thus do not apply the more demanding standard that must be met before a district court may

24-10406                Opinion of the Court                9

order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, we cannot say that the district court abused its discretion when it dismissed the action. Because Webb failed to comply with the district court's order to file a second amended complaint after the court had warned him that it would dismiss the action if he failed to file such a pleading, it was within the district court's discretion to dismiss the action. *See id.*

**AFFIRMED.**

---

dismiss an action with prejudice based on a plaintiff's failure to comply with a court order.