[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11874

Non-Argument Calendar

_____

RONALD EARL SCHERER,

Plaintiff-Appellant,

*versus*

J.P. MORGAN CHASE & CO.,
J.P. MORGAN CHASE BANK, N.A.,
STEVEN TIGGES,
STUART G. PARCELL,
ZEIGER, TIGGES & LITTLE, LLP, et al.,

Defendants-Appellees,

ALAN M. SHAPIRO, et al.,

2                    Opinion of the Court                    24-11874

Defendants.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-02383-PGB-EJK

————————————————

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Ronald Scherer, proceeding pro se, appeals the district court's order dismissing his complaint for failure to comply with local rules and court orders. For the reasons below, we affirm the district court's dismissal of the case and its denial of Scherer's motion for reconsideration.

**I**

Scherer filed suit in Florida state court against more than a dozen people and entities, including J.P. Morgan Chase & Company; the Internal Revenue Service; the Department of Justice; Zeiger, Tigges, & Little, LLP; Stuart G. Parcell; and Steven Tigges. The complaint accused the defendants of having engaged in "collective and systematic . . . racketeering activities," in violation of Florida's RICO statute, and "knowingly [having] engaged in fraudulent acts and perpetrated a fraud upon various courts." Scherer's

allegations stemmed from purportedly erroneous tax liabilities and filings concerning a trust around 2005.

The United States removed the case, under 28 U.S.C. § 1442, to the United States District Court for the Middle District of Florida. Upon the suit's removal, the district court issued its initial case order, directing the parties to consult Local Rule 3.02 to determine whether the case required a case management conference and case management report.[1] It ordered the parties to complete the mandatory form and file it within 40 days after the action was docketed. After Scherer failed to file a timely case management report, the court issued a "show cause" order, directing Scherer to file a written response within 14 days explaining why his case should not be dismissed under Local Rule 3.10 for failure to prosecute. The court emphasized that failure to comply with its order could result in dismissal. Scherer responded to the order, asserting that his failure was due to confusion when the case was transferred to federal court, and that no litigant was harmed. Scherer also attached a unilateral case management report.

The court determined that Scherer's response was inadequate because it failed to discuss the case management report, and that the report failed to comply with Local Rule 3.02(a)(1), which

---

[1] Under Local Rule 3.02, after conferring, the "parties . . . must file a case management report using the standard form from the clerk or on the court's website." M.D. Fla. Local Rule 3.02(a). The rule also requires the parties to file the case management report "within forty days after the docketing of an action removed or transferred to this court." *Id.* 3.02(b)(2).

required consultation between the parties. Due to this failure, the court struck Scherer's unilateral case management report and ordered him to show cause for failing to file a compliant case management report—stating once again that failure to comply with the order could result in dismissal.

After Scherer filed another "Uniform Case Management Report," the court determined that this report, too, did not comply with Local Rule 3.02 because it was unilateral and did not indicate that the parties conducted a planning conference. Due to Scherer's non-compliance with Local Rule 3.02, the initial case order, and the two show-cause orders, the court dismissed the case without prejudice.

Scherer then filed a motion titled "Reply to Dismissal Without Prejudice and Request for Additional Time," which requested that the case be reopened. Scherer's filing did not reference the court's dismissal or address any of its reasoning. The court construed Scherer's filing as a motion for reconsideration and denied his request—concluding that Scherer's motion failed to satisfy the standard for reconsideration because it did not identify any manifest errors of law or fact, did not reference the court orders or dismissal, and presented no explanation for Scherer's failure to file a compliant case management report.

This is Scherer's appeal.

## II

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian*

24-11874                Opinion of the Court                5

*River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017).  We review for an abuse of discretion a district court's dismissal of an action "for failure to comply with the rules of court."  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005).[2] Under this standard, we will not reverse if the district court's decision was within its range of choices and was not influenced by a mistake of law.  *Id.*  We also will not reverse where an alleged error was harmless and did not affect the complaining party's substantial rights.  *See Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322–23 (11th Cir. 2019).

When a dismissal without prejudice functionally precludes a plaintiff from refiling his claim because of the statute of limitations, the dismissal is equivalent to a dismissal *with* prejudice.  *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018).  A district court abuses its discretion when it sua sponte dismisses a civil action with prejudice where (1) the court fails to make a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed, and (2) nothing in the record supports a finding that the plaintiff acted willfully or that a lesser sanction would not have sufficed.  *See Betty K Agencies*, 432 F.3d at 1338–42.

Although we construe pro se filings liberally, they must still conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Arguments not raised on appeal, even by pro se

---

[2] The same standard also governs our review of the district court's denial of a motion for reconsideration.  *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

litigants, are abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  An appellant also abandons a claim when: (1) he makes only passing reference to it, (2) he raises it in a perfunctory manner without supporting arguments and authority, (3) he refers to it only in the "statement of the case" or "summary of the argument," or (4) the references to the issue are mere background to the appellant's main arguments.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

Although the district court's dismissal here was technically without prejudice, it operated as a dismissal *with* prejudice because the statute of limitations for Scherer's claims had passed.  Under Florida law, a plaintiff must bring a civil RICO suit within five years after the violation ends or the cause of action accrues.  Fla. Stat. § 895.05(11).  The state's law also imposes a four-year statute of limitations for fraud claims and "[a]ny action not specifically provided for in [its] statutes."  *Id.* §§ 95.11(3)(i), (o).  Scherer filed his complaint in 2023, but his allegations stemmed from purportedly erroneous tax liabilities and filings concerning a trust around 2005—well outside the relevant limitation periods.

Because the dismissal of Scherer's case functioned as a dismissal with prejudice, our caselaw required the district court to make a specific finding that Scherer had acted willfully or that a lesser sanction would not have sufficed.  *See Betty K Agencies*, 432 F.3d at 1338–42.  But although the district court failed to make that finding, its error still did not affect Scherer's substantial rights because the statute of limitations would independently have barred

24-11874                Opinion of the Court                    7

his claims.  *See STME*, 938 F.3d at 1322–23; *see also LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014) ("We may affirm on any ground supported by the record.").  We thus affirm the district court's dismissal of Scherer's suit as well as its denial of his motion for reconsideration.[3]

  **AFFIRMED.**

---

[3] Scherer has abandoned any challenge to the district court's denial of his motion for reconsideration.  His brief did not reference the motion for reconsideration or address any of the district court's reasons for denying it. *See Sapuppo*, 739 F.3d at 681–82; *Timson*, 518 F.3d at 874.