**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-14374

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DANIEL A. RODRIGUEZ,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20904-CMA-1

————————————————

Before LAGOA, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Daniel Rodriguez appeals his 120-month sentence, which was imposed following his plea of guilty to 1 count of providing and attempting to provide a prison inmate with ADB-FUBINACA,

a synthetic cannabinoid, in violation of 18 U.S.C. § 1791(a)(1), (b)(2).  Rodriguez also argues that the district court erred in denying his motion requesting the return of $2,300 that he previously paid in special assessments for 24 vacated convictions and instead ordering that the $2,300 be applied toward his $3,000 outstanding fine.  The government moves to dismiss Rodriguez's appeal based on the appeal waiver in his plea agreement and argues that we lack jurisdiction to consider his challenge to the district court's order denying the return of the $2,300.

## I.

Rule 3 of the Federal Rules of Appellate Procedure provides that notices of appeal must "designate the judgment—or the appealable order—from which the appeal is taken."  Fed. R. App. P. 3(c)(1)(B).  It also states that a "notice of appeal encompasses all orders that, for purposes of the appeal, merge into the designated judgment or appealable order."  Fed. R. App. P. 3(c)(4).

An appeal from the final judgment brings up for review all preceding non-final orders that produced the judgment.  *Mickles on behalf of herself v. Country Club, Inc.*, 887 F.3d 1270, 1278-79 (11th Cir. 2018); *Barfield v. Brierton*, 883 F.2d 923, 930-31 (11th Cir. 1989).  Though we generally have "jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal," we also embrace "a policy of liberal construction of notices of appeal when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse

25-14374                Opinion of the Court                3

party is not prejudiced." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004).

## II.

Here, as an initial matter, we do not have jurisdiction to consider Rodriguez's challenge to the district court's decision to deny his request for return of the $2,300 he previously paid in special assessments or its decision to apply those payments to his $3,000 outstanding fine because he only indicated in his notice of appeal that he sought to challenge the amended judgment. We thus dismiss this claim on jurisdictional grounds.

## III.

We turn next to Rodriguez's challenge to his sentence. We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* A valid appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues, or even blatant error. *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, the plea agreement stated in relevant part that, by signing the agreement, Rodriguez agreed to waive his rights to "appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that" would be established by the court at sentencing. It also stated that Rodriguez had "agree[d], together with [the government], to request that the [c]ourt enter a specific finding that [his] waiver of his right to appeal the sentence imposed in this case was knowing and voluntary." Rodriguez and his standby counsel each signed the plea agreement.

We thus conclude that Rodriguez's appeal waiver is valid because he entered into the plea agreement knowingly and voluntarily. The district court imposed the statutory maximum sentence, which was within the advisory guideline range, and thus the sentence did not fall within any of the exceptions stipulated in the appeal waiver. We therefore GRANT the government's motion to dismiss based on the appeal waiver to the extent that Rodriguez challenges his sentence.

**DISMISSED.**